IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware Series Limited Liability Company,

    Plaintiff,

v.                                                                       STATE CASE NO. 2017-19582-CA-01

CHUBB CUSTOM INSURANCE COMPANY,
a Foreign Profit Corporation,

    Defendant.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Chubb Custom Insurance Company ("Defendant"), pursuant to 28 U.S.C. §§ 1331 and 1441(a), hereby removes this action to the United States District Court for the Southern District of Florida, Miami Division. As grounds for this removal, Defendant states as follows:

**PROCEDURAL BACKGROUND AND COMPLIANCE**

1. Plaintiff filed this lawsuit on August 10, 2017 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *MSP Recovery Claims, Series LLC vs. Chubb Custom Ins. Co.*, Case No. 2017-19582-CA-01 (the "State Court Action").

2. The Complaint in the State Court Action was served on Defendant on October 13, 2017. The Amended Complaint, which gave rise to this Court's jurisdiction, was filed on May 10, 2018. Thus, in compliance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after filing of the Amended Complaint making this case removable.

3. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a copy of process, pleadings, and orders filed in the State Court Action as Exhibit **A**.

45246314;1

4. A Notice of Filing with a true and correct copy of this Notice of Removal and all exhibits thereto will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and served on Plaintiff, in accordance with the provisions of 28 U.S.C. § 1446(d).

5. Removal to this Court is proper, as the State Court Action was filed in Miami-Dade Circuit Court, and therefore this is "the district court of the United States for the district and division within which such action is pending." *See* 28 U.S.C. § 1446(a).

6. This removal is well-grounded in fact, warranted and supported by existing law, and not interposed for any improper purpose.

7. By this removal, Defendant does not intend to waive any of its rights or defenses.

### THE ALLEGATIONS AND CAUSES OF ACTION

8. Plaintiff purports to sue on behalf of a putative class of what it terms Florida "Medicare Payers" who allegedly paid accident-related medical bills during the six year-period from 2011-2017,[1] on the theory that "the Medicare Secondary Payer Act, codified at 42 U.S.C. § 1395y (the "MSP Act" or "Act"), … require[s] primary payers, such as [D]efendant, to pay for accident-related medical expenses first" and "Medicare Payers are supposed to pay second, if at all" per "Congress['] mandate[]" to protect the federal Medicare program. *See* Am. Compl. ¶¶ 1, 5, 57-58 (emphasis omitted).

---

[1] By pleading a six-year class period – *i.e.*, a six-year statute of limitations – Plaintiff concedes that it does not intend to bring a Florida common law claim for written breach of contract, which has a five-year limitations period. Plaintiff appears to be taking the position here, as it has in other similar cases around the country, that a six-year statute of limitations applies pursuant to the Federal Claims Collection Act. Defendant disagrees with that conclusion, however, because the MSP Act expressly provides for a <u>three-year</u> claims filing period for recovering conditional payments, as Plaintiff seeks to do here. 42 USC 1395y(b)(2)(B)(iii),(vi); *Collins v. Wellcare Health Plans, Inc.*, 73 F. Supp. 3d 653, 656 (E.D. La. 2014).

9. Plaintiff alleges that putative class members (or their assignors) made "'conditional' payments under the Act" – the "'condition' of the payment [being] that the primary payer is required by the Act to timely reimburse Medicare or the Medicare Payer." *Id*., ¶ 2.

10. Plaintiff further alleges that Defendant has a "uniform practice of non-compliance with the Act" by failing to "reimburse[] Medicare Payers," which it is required to do by virtue of its status as a no-fault insurer that renders it a primary payer under the Act. *Id.*, ¶¶ 1, 3-5, n.2.

11. In bringing this action against Defendant, Plaintiff invokes a purported "private right of action" found "in the Act" that allegedly can "be used by Medicare Payers against recalcitrant primary payers." *Id*., ¶ 4.

12. In a nutshell, Plaintiff sues Defendant as a "primary payer" as that term is used in the federal MSP Act, based on the allegation that "[D]efendant failed to reimburse [Medicare Payers] and the Class Members as required by the Act." *Id*., ¶ 5.

13. The Amended Complaint contains a single cause of action (Count I), entitled, "Direct Right of Recovery Pursuant to 42 C.F.R. § 411.24(e) for Breach of Contract."

14. This provision, 42 C.F.R. § 411.24(e), is the implementing regulation of the MSP Act pursuant to which Count I allegedly is raised, which states as follows:

> **§ 411.24 Recovery of conditional payments.**
>
> If a Medicare conditional payment is made, the following rules apply:
> …
> **(e)** *Recovery from primary payers*. CMS[2] has a direct right of action to recover from any primary payer.

## GROUNDS FOR REMOVAL

15. Removal is authorized under 28 U.S.C. §§ 1331 and 1441(a) because Count I purports to raise a claim for "direct right of recovery" under "42 C.F.R. § 411.24(e)," an

---

[2] CMS stands for Centers for Medicare & Medicaid Services.

implementing regulation of the federal MSP Act that provides certain types of entities with "a direct right of action to recover from any primary payer." *Id.*

16. Therefore, this is a federal claim over which this Court has original jurisdiction. Indeed, (1) Plaintiff seeks relief directly pursuant to an alleged "private right of action" found "**in the Act**" (Am. Compl., ¶ 4 (emphasis added)) and its implementing regulations (*see* Count I title at Am. Compl., p. 25); (2) admits that any "right to recover primary payment from defendant for its breach of contract with [its] insureds [is] **under the MSP provisions**," (*id.*, ¶ 86 (emphasis added)); and (3) bases its entire case on the allegation that "[D]efendant failed to reimburse [Medicare Payers] and the Class Members as required **by the Act**." (*Id.*, ¶ 5 (emphasis added)).

17. Pursuant to 28 U.S.C. § 1331, United States District Courts have original jurisdiction over "all civil actions arising under . . . laws . . . of the United States."); *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant . . . to the district court."); *Sullivan v. Farm Bureau Mut. Ins. Co. of Michigan*, No. 1:10-cv-909, 2011 WL 1231264, at *2 (W.D. Mich. April 1, 2011) (where plaintiff raised claim pursuant to the MSP Act alleging that his accident bills were paid by Medicare but should have been paid by a state no-fault insurer instead, "federal question jurisdiction is invoked" because the "claim arises under a federal statute; thus, it is a federal claim"); *Brown v. U.S. Steel Corp.*, No. 10-780, 2010 WL 4388075, at *1 (W.D. Pa. Oct. 29, 2010), *aff'd*, 462 Fed. Appx. 152 (3d Cir. 2011) ("The Court's federal question jurisdiction is invoked" by a "suit under the private cause of action provision of the MSP [Act] … which authorizes a private right of action to recover damages owed by a primary plan."); *Kinsey v. Am. Underwriters Life Ins. Co.*, No. 03-0627, 2008 WL 2812966, at *3 (W.D. La. June 24, 2008) (where "claim arises under the Medicare Secondary Payer statue… there is federal question jurisdiction").

18.     Although Plaintiff inexplicably attempts to partially frame Count I as a claim "for breach of contract" (*see* Count I title at Am. Compl., p. 25), Plaintiff does not and cannot deny that any "right of recovery" it may have is directly pursuant to the federal MSP Act. As Plaintiff admits, any alleged "right to recover primary payment from defendant" is "under the MSP provisions." (Am. Compl. ¶ 86).

19.     Without the federal MSP Act and its alleged private right of action to recover conditional payments under certain circumstances (*id.*, ¶ 4), Plaintiff (and/or its alleged assignors) could not even raise a claim to recover purported conditional payments. Plaintiff certainly cannot bring a traditional common law breach of contract claim against Defendant under Florida law, as Plaintiff is not and does not claim that it is a party to any contract with Defendant. Nor does Plaintiff allege its assignors are parties to any contract with Defendant. Instead, Plaintiff relies directly on the federal MSP Act to claim that its assignors (Medicare Payers that allegedly assigned their purported MSP Act rights to recover conditional payments to Plaintiff) are somehow subrogated from Medicare beneficiaries the right to recover from Defendant "**under the MSP provisions [and MSP laws]**." Am. Compl. ¶ 86 & n. 10 (emphasis added). While Defendant contends that this theory is flawed, Count I undoubtedly is raised pursuant to and "under the MSP laws," despite the addition of the words "breach of contract" at the end of the title of Count I.

20.     Moreover, as the United States Supreme Court has stated, even in cases where "state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997) (citation omitted); *see also Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) ("[E]ven when a plaintiff has pled only state-law causes of action, he

may not avoid federal jurisdiction if … his state-law claims raise substantial questions of federal law" and instead "may avoid federal jurisdiction [only] by **exclusive** reliance on state law." (emphasis added)).

21.     "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Herman v. Hartford Life & Acc. Ins. Co.*, 2011 WL 1458050, at *2 (S.D. Fla. Apr. 15, 2011) (citing *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)).

22.     A substantial question of federal law is raised if "federal law [is] an essential element of [the] claim" and "the federal right … that forms the basis of the claim [is] such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Dunlap*, 381 F.3d at 1290; *see also Menoken v. McNamara*, 213 F.R.D. 193, 197 (D.N.J. 2003) (removal was proper and federal question jurisdiction existed because plaintiff could not recover damages against defendants unless plaintiff proved, as an essential element, that the underlying federal causes of actions were meritorious).

23.     Thus, despite Plaintiff's artful pleading by including the words "breach of contract" in Count I's title, Count I undeniably provides a basis for removal because it presents substantial federal questions that are outcome-determinative – *e.g*.: (1) whether the payments allegedly made by Plaintiff's assignors qualify as "conditional" payments under the Act, (2) whether Plaintiff under the circumstances alleged may recover any purported conditional payments under the MSP Act's primary/secondary/conditional payer scheme of recovery, and (3) whether Plaintiff or its assignors qualify as the type(s) of entities that are entitled to invoke the Act's private right of action such that Plaintiff has standing to bring this lawsuit.

24. Make no mistake, Plaintiff is seeking to create new federal MSP law with this Action. This same Plaintiff already has revealed in other suits in this Court that its assignors are predominantly management service companies that are not Medicare Advantage plans (and certainly not Medicare), and that Plaintiff hopes to be allowed to litigate MSP conditional payer reimbursement claims for entities that have never before been held to have standing to bring such claims in this Circuit.

25. Here, Plaintiff alleges that it is suing on behalf of not just Medicare Advantage plans, but also other entities that contract to provide administrative or health care services for Medicare Advantage plans, such as "Management Services Organizations" and "other full risk providers," etc. (Am. Compl. ¶¶ 1, 52-56, 58), which entities do not have standing to bring MSP conditional payer claims. At least one judge of this Court – on many separate occasions – already has dismissed **with prejudice** multiple suits, finding that Plaintiff's assignors lack standing to seek MSP Act conditional reimbursements. *See*, e.g., *MSP Recovery Claims, Series LLC v. Auto-Owners Ins. Co.*, Nos. 1:17-cv-23841-PAS, 1:17-cv-24069-PAS, 1:17-cv-24066-PAS, 1:17-cv-24068-PAS, 2018 WL 1953861, at *1 (S.D. Fla. Apr. 25, 2018) (Seitz, J.); *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, No. 17-CV-23749, 2018 WL 1547600, at *1 (S.D. Fla. Mar. 9, 2018) (Seitz, J.).

26. Accordingly, this case presents substantial federal questions and removal is proper.

## CONCLUSION

The Amended Complaint indisputably invokes, relies upon, and seeks relief pursuant to federal Medicare law. Removal is proper because the Amended Complaint falls within this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(a), Defendant has met all of the procedural requisites for removal, and this notice is timely filed.

**WHEREFORE**, Defendant prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such orders as appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Dated: June 11, 2018                                Respectfully submitted,

                                                    **AKERMAN LLP**

                                                    /s/ Ari Gerstin
                                                    Valerie Greenberg (FBN 026514)
                                                    valerie.greenberg@akerman.com
                                                    Ari Gerstin (FBN 849671)
                                                    ari.gerstin@akerman.com
                                                    Jeffrey B. Pertnoy (FBN 91939)
                                                    jeffrey.pertnoy@akerman.com
                                                    Jonathan D. Lamet (FBN 106059)
                                                    jonathan.lamet@akerman.com
                                                    Rebecca F. Holljes (FBN 91092)
                                                    rebecca.holljes@akerman.com
                                                    Three Brickell City Center
                                                    99 Southeast Seventh Street, Suite 1100
                                                    Miami, FL 33131
                                                    Phone: 305-374-5600
                                                    Fax: 305-374-5095

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via ECF and served on this 11th day of June, 2018, on the persons listed on the Service List below.

/s/  Ari Gerstin
Attorney

**SERVICE LIST**

Frank C. Quesada
fquesada@msprecovery.com
John Ruiz
jruiz@msprecovery.com
**MSP RECOVERY LAW FIRM**
5000 S.W. 75th Avenue, Suite 400
Miami, Florida  33155
Service email:  serve@msprecovery.com

Jacinto Jose Gonzalez
**STOKES & GONZALEZ**
7300 North Kendall Drive, Suite 519
Miami, FL 33156
Email: jacinto@stokesgonzalez.com

Gonzalo R. Dorta
grd@dortalaw.com
Matias R. Dorta
mrd@dortalaw.com
**DORTA LAW**
334 Minorca Avenue
Coral Gables, Florida 33134
file@dortalaw.com
jdiamond@dortalaw.com
bcabrera@dortalaw.com

*Counsel for Plaintiff*